RECORD NO. 13-4126

In The

# United States Court of Appeals

### For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee*,

**v.**

## ALBERT LEE ANDREWS, III,

*Defendant – Appellant.*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF NORTH CAROLINA AT GREENSBORO

───────────

## BRIEF OF APPELLANT

───────────

Kearns Davis
Mary F. Peña
BROOKS, PIERCE, MCLENDON,
  HUMPHREY & LEONARD, L.L.P.
230 North Elm Street
2000 Renaissance Plaza
Greensboro, North Carolina  27401
(336) 373-8850

*Counsel for Appellant*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................. iii

JURISDICTIONAL STATEMENT ........................................................1

STATEMENT OF ISSUES ...................................................................1

STATEMENT OF THE CASE...............................................................1

STATEMENT OF FACTS ....................................................................2

SUMMARY OF ARGUMENT .............................................................4

ARGUMENT .......................................................................................6

    I.    THE EVIDENCE PRESENTED AND ARGUED BY THE GOVERNMENT AT TRIAL RESULTED IN A FATAL VARIANCE IN PROOF, WARRANTING A JUDGMENT OF ACQUITTAL OR, AT THE VERY LEAST, A NEW TRIAL ............6

        A.    Standard of Review ...................................................6

        B.    The Evidence Presented at Trial Differed from the Facts Charged in the Indictment, Resulting in a Fatal Variance .........7

    II.    THE DISTRICT COURT ERRED IN APPLYING THE CAREER-OFFENDER ENHANCEMENT BECAUSE THE PREDICATE NORTH CAROLINA CONVICTIONS RESULTED IN A SINGLE SENTENCE UNDER STATE LAW ...............................................................11

        A.    Standard of Review .................................................11

B.    Mr. Andrews' Predicate Convictions Resulted in a Single Sentence Under North Carolina Law, and This Court's Recent *United States v. Davis* Decision Dictates That, In Such Cases, the Career-Offender Enhancement Does Not Apply ........................................................................11

CONCLUSION .........................................................................14

REQUEST FOR ORAL ARGUMENT .................................................15

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*State v. Lopez*,
    681 S.E.2d 271 (N.C. 2009) ...........................................................................11

*United States v. Barr*,
    963 F.2d 641 (3d Cir. 1992) ....................................................................6, 10

*United States v. Buffey*,
    899 F.2d 1402 (4th Cir. 1990) ......................................................................8

*United States v. Camiel*,
    689 F.2d 31 (3d Cir. 1982) ...........................................................................11

*United States v. Davis*,
    2013 U.S. App. LEXIS 12893 (4th Cir. June 24, 2013) ......................*passim*

*United States v. Davis*,
    679 F.3d 177 (4th Cir. 2012) ......................................................................11

*United States v. Dean*,
    517 F.3d 1224 (11th Cir. 2008) ....................................................................9

*United States v. Fletcher*,
    74 F.3d 49 (4th Cir. 1996) .............................................................................6

*United States v. Floresca*,
    38 F.3d 706 (4th Cir. 1994) ...........................................................................6

*United States v. Lewis*,
    606 F.3d 193 (4th Cir. 2010) ......................................................................14

*United States v. Pharis*,
    298 F.3d 228 (3d Cir. 2002) .......................................................................11

*United States v. Williams*,
    342 F.3d 350 (4th Cir. 2003) ..................................................7, 8

*United States v. Williamson*,
    53 F.3d 1500 (10th Cir. 1995) ...................................................6

## CONSTITUTIONAL PROVISIONS

U.S. CONST. amend. V ...................................................................5, 10

U.S. CONST. amend. VI..................................................................5, 10

## STATUTES

18 U.S.C. § 924(c) ..............................................................................4

18 U.S.C. § 924(c)(1)(A)(ii) .............................................................1, 2

18 U.S.C. § 1951 ...........................................................................1, 2, 7

18 U.S.C. § 1951(a) ............................................................................7

18 U.S.C. § 3742 ................................................................................1

28 U.S.C. § 1291 ................................................................................1

N.C. Gen. Stat. § 15A-1340.15(b) .................................................11, 12

## GUIDELINES

U.S.S.G. § 2K2.4..............................................................................4

U.S.S.G. § 4A1.2(a)(2) .......................................................................5

U.S.S.G. § 4B1.1 .........................................................................*passim*

## OTHER AUTHORITY

67 Am Jur 2d Robbery § 132 ...............................................................7

## JURISDICTIONAL STATEMENT

The district court had original jurisdiction pursuant to 18 U.S.C. § 1951 and 18 U.S.C. § 924(c)(1)(A)(ii).  The district court entered final judgment on February 19, 2013.  J.A. 55.  Mr. Andrews timely filed his Notice of Appeal on January 28, 2013.  J.A. 53.  This Court has jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

## STATEMENT OF ISSUES

1.    Whether Mr. Andrews was wrongly convicted of Count One due to a fatal variance between the charging document and the evidence produced at trial.

2.    Whether the district court erred by treating a single "prior sentence" imposed under North Carolina state law as two or more sentences for purposes of applying the career-offender enhancement in U.S.S.G. § 4B1.1.

## STATEMENT OF THE CASE

On March 27, 2012, a grand jury indicted Albert Lee Andrews, III in the United States District Court for the Middle District of North Carolina.  J.A. 11-13.  The two-count indictment specifically charged Mr. Andrews with stealing "currency belonging to Domino's Pizza."  J.A. 11.  The evidence presented by the Government at trial revealed that the currency did not, in fact, belong to Domino's Pizza.  J.A. 20-22.

On August 8, 2012, Mr. Andrews was found guilty by a jury on both counts in the indictment.  At sentencing, the court found, over Mr. Andrews' objection, J.A. 27-33, that he was subject to a career-offender enhancement under U.S.S.G. § 4B1.1.  Consequently, he was sentenced to a within-Guidelines sentence of 360 months.  J.A. 46.  Mr. Andrews now appeals.

## STATEMENT OF FACTS

On March 27, 2012, Mr. Andrews was charged in a two-count indictment with violations of 18 U.S.C. § 1951 (Interference with Commerce by Robbery) and 18 U.S.C. § 924(c)(1)(A)(ii) (Carrying and Using a Firearm by Brandishing, During and in Relation to a Crime of Violence).  J.A. 11-13.  The charges specifically alleged that Mr. Andrews interfered with interstate commerce by brandishing a handgun in the course of "tak[ing] and obtain[ing] property consisting of United States currency" from a "Domino's Pizza" restaurant in Kannapolis, North Carolina, and "personal property from [Domino's Pizza's] employees."  J.A. 11.  The evidence presented by the Government at trial, however, revealed that the currency did *not* belong to Domino's Pizza, but rather, to a franchisee of Domino's Pizza—an individual named Mr. Osman Qasim, J.A. 20—and that "the profits that are made from the store . . . go to Mr. Qasim," J.A. 21.

The district court conducted a sentencing hearing on January 24, 2013. J.A. 25. In calculating a recommended Guidelines range, the PSR applied the career-offender enhancement, U.S.S.G. § 4B1.1, based upon several sets of charges for which Mr. Andrews had received a single, consolidated sentence in North Carolina state court on July 8, 2003. J.A. 66, 70, 80, 99-101.

In a brief filed with the district court prior to his sentencing hearing, Mr. Andrews argued that the career-offender enhancement should not apply to him because the state offenses were not separated "for purposes of judgment," and his sentence was "intended by the State Court Judge to operate as one sentence by means of consolidation." J.A. 84. In support of his argument, Mr. Andrews submitted a copy of the state court judgment to demonstrate that the offenses—which arose from separate robberies and weapons charges in 2000 and 2001 and which were indicted separately—had been consolidated by the state Superior Court. J.A. 99. The judgment showed that Mr. Andrews had entered into a plea arrangement and established that the state Superior Court accepted the plea agreement, ordered that the charges "be consolidated for judgment," and imposed a single sentence: imprisonment for 64 to 86 months in the North Carolina Department of Corrections. *Id.*

In response to Mr. Andrews' argument, the Government contended that the § 4B1.1 enhancement was proper given that "there were intervening arrests

- 3 -

between his several cases that were consolidated." J.A. 110. The district court denied Mr. Andrews' objection and applied the career-offender enhancement. J.A. 33, 46. It held that Mr. Andrews was subject to an advisory Guidelines range of 360 months to life,[1] and imposed a within-Guidelines sentence of 360 months, plus a five-year term of supervised release. J.A. 46.

Mr. Andrews filed a timely notice of appeal on January 28, 2013. J.A. 53.

## SUMMARY OF ARGUMENT

Mr. Andrews should be acquitted of his convictions, or at the very least, granted a new trial based on the existence of a fatal variance between the charging document and the evidence produced at trial. Mr. Andrews was charged with a Hobbs Act violation, which requires the Government to prove the alleged robbery affected interstate commerce. Here, the indictment charged Mr. Andrews with stealing "currency belonging to Domino's Pizza," but the evidence presented at trial revealed a different victim. The stolen currency did not belong to Domino's

---

[1] Had Mr. Andrews' single sentence in consolidated cases not been treated as separate sentences in calculating his Guidelines range, his advisory range would have been 135 to 147 months, calculated as follows. The Total Offense Level would be 22. *Cf.* J.A. 66. After taking into account that the single state sentence in consolidated cases should not be double-counted—either for determining whether Mr. Andrews is a career offender or for calculating the pre-enhancement Criminal History Points—the criminal history score would be 4, which corresponds to a criminal history category of III. *Cf.* J.A. 70. This combination would produce a range of 51 to 63 months for Count One, to which 84 months would be added for Count Two due to § 2K2.4's mandate that the Guidelines range for a § 924(c) conviction equals the statutory minimum and must run consecutively.

Pizza, but to Mr. Osman Qasim, an individual franchisee of Domino's Pizza. This charging discrepancy prejudiced Mr. Andrews by impeding a full preparation of his defense, because the facts the government had alleged in the indictment supporting *the first statutory element* of the offense—interference with interstate commerce—turned out to be untrue and thus were wholly different from and inconsistent with the evidence presented at trial. Mr. Andrews was left with no meaningful opportunity to prepare a defense to the new trial theory, thereby undermining his Fifth Amendment right to be indicted by a grand jury and his Sixth Amendment right to be adequately informed of the charges against him.

In addition, the sentencing court erred by applying the career-offender enhancement in U.S.S.G. § 4B1.1 given that Mr. Andrews' prior North Carolina convictions resulted in a single sentence under state law. The Government's argument to the contrary hinged on the fact that the offenses were "separated by an intervening arrest." J.A. 110; *see also* U.S.S.G. § 4A1.2(a)(2) ("[P]rior *sentences* always are counted separately if the *sentences* were imposed for offenses that were separated by an intervening arrest.") (emphasis added). But the fact of intervening arrests is relevant only if Mr. Andrews received "multiple prior sentences" arising from the incidents. He did not. Mr. Andrews only received *one sentence* under state law, making his arrest record irrelevant. This Court's recent published decision in *U.S. v. Davis*, 2013 U.S. App. LEXIS 12893 (4th Cir. June 24, 2013) is

dispositive here. It instructs that, in a case like Mr. Andrews', the career-offender enhancement is inapplicable and resentencing is in order. *Id.* at *10-12.

## ARGUMENT

I. **THE EVIDENCE PRESENTED AND ARGUED BY THE GOVERNMENT AT TRIAL RESULTED IN A FATAL VARIANCE IN PROOF, WARRANTING A JUDGMENT OF ACQUITTAL OR, AT THE VERY LEAST, A NEW TRIAL**

### A.    Standard of Review

When evidence presented at trial differs from what is alleged in the indictment, a variance occurs. *United States v. Fletcher*, 74 F.3d 49, 53 (4th Cir. 1996). The variance is fatal where, as here, it surprised the defendant at trial and hindered his preparation of his defense, or otherwise served to prejudice him. *Id.*; *United States v. Floresca*, 38 F.3d 706, 710 n.10 (4th Cir. 1994); *United States v. Barr*, 963 F.2d 641, 648 (3d Cir. 1992) (observing that the variance between the indictment and the proof at trial must "prejudice" the defendant's "substantial rights"). Whether a variance is fatal, and thus reversible error, is a matter of law reviewed *de novo*. *United States v. Williamson*, 53 F.3d 1500, 1512 (10th Cir. 1995).

**B.    The Evidence Presented at Trial Differed from the Facts Charged in the Indictment, Resulting in a Fatal Variance**

The proof presented and argued by the Government at trial established a different set of facts than those contained in the indictment charging Mr. Andrews, resulting in a fatal variance. The indictment states that Mr. Andrews:

> . . . did unlawfully obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and . . . did knowingly and unlawfully take and obtain property consisting of United States currency *belonging to Domino's Pizza*, located at 601 South Cannon Boulevard, Kannapolis, North Carolina, and personal property from its employees . . . .

J.A. 11 (emphasis added). Title 18 U.S.C. § 1951, known as the Hobbs Act, prohibits robbery or extortion that "in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce." 18 U.S.C. § 1951(a). A Hobbs Act violation requires proof of two elements: "(1) the underlying robbery or extortion crime, and (2) an effect on interstate commerce." *United States v. Williams*, 342 F.3d 350, 353 (4th Cir. 2003). In other words, the Hobbs Act "contains a jurisdictional requirement that the [particular offense] be connected to interstate commerce." *Id.* at 354; *see also* 67 Am Jur 2d Robbery § 132 ("The requirement that the government prove that the accused's conduct affected interstate commerce differentiates Hobbs Act violations from common-law robbery, and provides a constitutional basis for the exercise of federal jurisdiction over such crimes."). The Hobbs Act jurisdictional requirement is

- 7 -

satisfied, and commerce is sufficiently connected to the offense, "where a robbery depletes the assets of a business that is engaged in interstate commerce." *Williams*, 342 F.3d at 354-55 (citing *United States v. Buffey*, 899 F.2d 1402, 1404 (4th Cir. 1990)).

Here, the indictment charged Mr. Andrews with stealing "currency belonging to Domino's Pizza." J.A. 11. The evidence presented by the Government at trial, however, revealed that the currency *did not* belong to Domino's Pizza. Rather, it belonged to a franchisee of Domino's Pizza—an individual named Mr. Osman Qasim. J.A. 20-22.

The distinction between the property of Domino's Pizza and the property of Mr. Qasim (and/or his business) is a critical one. Domino's Pizza is a national business with corporate headquarters located in Ann Arbor, Michigan. Mr. Qasim, apparently, is an individual proprietor, though the Government failed to present evidence as to whether Mr. Qasim owns the restaurant in question as an individual or through a limited liability company or other entity. In fact, we know little about the nature and extent of Mr. Qasim's ownership of the restaurant, because Mr. Andrews' counsel was caught by surprise when the testimony of Mr. Jason Wray, Mr. Qasim's director of operations of the stores Mr. Qasim owns, revealed for the first time in the middle of trial that the restaurant was owned by Mr. Qasim and not

by Domino's Pizza, Inc.  J.A. 20-22.[2]  Because evidence of Mr. Qasim's ownership was first disclosed at trial rather than in the indictment, Mr. Andrews' counsel was denied any meaningful opportunity to prepare for and explore Mr. Qasim's franchisor-franchisee relationship with Domino's Pizza.  It is that opportunity for which the requirement of an indictment exists.  Without it, the result was a trial by ambush on one of the two elements on which the Government had the burden of proof.

Establishing that interstate commerce was affected by the robbery of currency belonging to Domino's Pizza—a company headquartered in another state—required proof of a different set of facts than those necessary to establish such a connection based on theft of currency belonging to Mr. Qasim, a local individual.  The mere fact that a business is located in one state and its headquarters is in another state can be sufficient—without more—to establish the requisite effect on interstate commerce.  *See*, *e.g.*, *United States v. Dean*, 517 F.3d 1224, 1228 (11th Cir. 2008) (finding the necessary effect on interstate commerce where a robbery that prevented bank patrons from transacting business was committed at one of the Georgia branches of a bank whose headquarters was in Alabama).  That is what the indictment alleged.  But establishing the requisite connection for the robbery of a local individual requires specific proof that he (or

---

[2] Mr. Andrews objected to the variance at trial, preserving the issue for appeal. J.A. 23-24.

his business) was engaged in interstate commerce. The burden of providing that proof is on the Government, and a defendant is entitled to a trial preceded by notice and an opportunity to investigate the facts and prepare a defense. Here though, the Government alleged the wrong facts—*untrue facts*—so the defendant was denied that opportunity.

The Government offered no proof substantiating that Domino's Pizza was the owner of the currency, as charged in the indictment. This charging discrepancy impacted the very nature of the connection with interstate commerce—an element of the offense charged, and thus, necessarily, the means by which Mr. Andrews would defend against the charge. The variance prejudiced Mr. Andrews by denying him an opportunity to prepare a defense against that element, an infirmity that undermined his "substantial rights": his Fifth Amendment right to be indicted by a grand jury and his Sixth Amendment right to be adequately informed of the nature of the charges against him.

In short, Mr. Andrews was convicted of stealing property belonging to Mr. Qasim, even though that was not the crime charged by the grand jury and was not the crime he prepared to defend. Because he was not proven guilty of the crime charged, Mr. Andrews is entitled to judgment of acquittal, or at the very least, to a new trial. *See*, *e.g.*, *Barr*, 963 F.2d at 648 ("We must vacate a conviction if there is a 'variance' between the indictment and the proof at trial, to the prejudice of the

- 10 -

defendant's substantial rights."); *United States v. Pharis*, 298 F.3d 228, 238 (3d Cir. 2002) (reasoning that, because a court "may not correct an indictment, even if flawed," a new trial is "not the answer") (quoting *United States v. Camiel*, 689 F.2d 31, 40 (3d Cir. 1982)).

## II.   THE DISTRICT COURT ERRED IN APPLYING THE CAREER-OFFENDER ENHANCEMENT BECAUSE THE PREDICATE NORTH CAROLINA CONVICTIONS RESULTED IN A SINGLE SENTENCE UNDER STATE LAW

### A.   Standard of Review

The proper interpretation of the Sentencing Guidelines is a legal question reviewed *de novo*.  *See United States v. Davis*, 679 F.3d 177, 182 (4th Cir. 2012).

### B.   Mr. Andrews' Predicate Convictions Resulted in a Single Sentence Under North Carolina Law, and This Court's Recent *United States v. Davis* Decision Dictates That, In Such Cases, the Career-Offender Enhancement Does Not Apply

Mr. Andrews' prior convictions include several that, though initially charged in separate indictments, were resolved simultaneously via plea agreement with the State of North Carolina.  J.A. 67-69, 99.  Critically, the state Superior Court then exercised its authority to merge multiple offenses into one judgment and impose *a single sentence*.  J.A. 99; N.C. Gen. Stat. § 15A-1340.15(b) ("If an offender is convicted of more than one offense at the same time, the court may consolidate the offenses for judgment and impose a single judgment for the consolidated offenses."); *see also State v. Lopez*, 681 S.E.2d 271, 274 (N.C. 2009) ("When a

- 11 -

defendant is convicted of more than one offense, the court has the option to consolidate offenses or to impose concurrent or consecutive sentences."). The state court judge accepted Mr. Andrews' plea agreement, ordered that the charges "be consolidated for judgment," and sentenced Mr. Andrews to a single term of imprisonment of 64 to 86 months. J.A. 99. Thus, the state court record is clear that Mr. Andrews received *a single sentence*, as authorized by N.C. Gen. Stat. § 15A-1340.15(b), in relation to the various charges to which he pled guilty.

This case is on all fours with the facts in *U.S. v. Davis*, 2013 U.S. App. LEXIS 12893 (4th Cir. June 24, 2013), a published decision in which this Court granted the petitioner resentencing without the career-offender enhancement. *Davis* was issued just a few weeks ago. This case was held in abeyance pending its outcome.

In *Davis*, the defendant pled guilty to a three-count federal indictment on charges arising from an incident a year earlier, in which he had used a handgun to rob a Wendy's Restaurant in Charlotte, North Carolina. *See Davis*, at *2.[3] Following Davis's federal court plea, the probation officer prepared a PSR stating

---

[3] Notably, the indictment in *Davis* carefully alleged that the currency stolen in that case belonged to "Wendy's International, Incorporated . . . a fast food restaurant corporation, headquartered in Dublin, Ohio, with more than 6,500 restaurants in more than 10 states in the United States of America and 21 other countries." *United States v. Davis*, No. 3:11cr80 (W.D.N.C.), Docket Entry No. 3. Thus, *Davis* itself demonstrates that requiring the Government to investigate, accurately allege, and prove facts to establish the interstate-commerce element is not a heavy burden.

- 12 -

that Davis qualified for the career-offender enhancement because he had two prior North Carolina robbery offenses. *Id.* at *3-4. Six years earlier, Davis had pled guilty in North Carolina state court to several counts of robbery with a dangerous weapon. Just as in this case, all of the charges had been consolidated for judgment, and the state Superior Court had imposed a single sentence on Davis of 61 to 83 months. *Id.* at *3.

At sentencing, Davis objected to the career-offender enhancement. He argued that he had received a consolidated sentence for his prior state offenses, "and thus did not have 'at least two prior felony convictions' as defined by the Guidelines." *Id.* at *4. The district court denied Davis's objection and applied the career-offender enhancement. *Id.*

Reversing the sentencing court's determination, this Court concluded that, according to the specific language of the Sentencing Guidelines, the existence of two or more prior felony convictions is not sufficient to apply the enhancement. Instead, "the defendant must also have at least two prior *sentences* for those convictions." *Id.* at *5 (emphasis in original). Davis, the Court noted, had received "only one sentence for his prior state felonies." *Id.* at *6. This Court held that, "where a defendant receives a 'consolidated sentence' (or 'consolidated judgment') under North Carolina law, it is one sentence and absent another qualifying sentence, the enhancement is inapplicable." *Id.* at *10. Because the

- 13 -

third prong of the career-offender enhancement requiring "two prior felony convictions," as defined by the Guidelines, was not satisfied, the career-offender enhancement did not apply to Davis.  *Id.* at *11.

Here, just as in *Davis*, Mr. Andrews' state court record is clear that he only received *one sentence*.  Consequently, the "two prior felony convictions" requirement in U.S.S.G. § 4B1.1 for applying the career-offender enhancement to Mr. Andrews likewise is not satisfied.  Accordingly, this Court must vacate Mr. Andrews' sentence and remand with instructions that the district court recalculate his Guidelines range, treating his prior, consolidated judgment as imposing a single sentence.  *Davis*, 679 F.3d at 182 ("[A] sentence based on an improperly calculated guidelines range will be found unreasonable and vacated.") (quoting *United States v. Lewis*, 606 F.3d 193, 201 (4th Cir. 2010)).

## CONCLUSION

Due to the fatal variance between the charging document and the evidence produced at trial, Mr. Andrews respectfully requests that the Court reverse his convictions and remand for judgment of acquittal or, at a minimum, a new trial.  In the alternative, Mr. Andrews requests that the Court vacate his sentence and remand his case to the district court for resentencing without the career-offender enhancement, recalculating the Guidelines range with the prior, consolidated judgment treated as imposing a single sentence.

## <u>REQUEST FOR ORAL ARGUMENT</u>

Mr. Andrews respectfully requests oral argument and submits that such argument will aid the Court in deciding the issues presented.

This the 14th day of August, 2013.

/s/ Kearns Davis
Kearns Davis
Mary F. Peña
BROOKS, PIERCE, MCLENDON
  HUMPHREY & LEONARD, L.L.P.
230 North Elm Street
2000 Renaissance Plaza
Greensboro, NC  27420
(336) 373-8850
(336) 378-1001

*Counsel for Appellant*

- 15 -

## <u>CERTIFICATE OF COMPLIANCE</u>

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

[ X ] this brief contains [*3,381*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

[    ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

[    ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].


Dated: <u>August 14, 2013  </u>        <u>/s/ Kearns Davis            </u>
                                      *Counsel for Appellant*

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on this 14th day of August, 2013, I caused this Brief of

Appellant and Joint Appendix to be filed electronically with the Clerk of the Court

using the CM/ECF System, which will send notice of such filing to the following

registered CM/ECF user:

>Robert A. J. Lang
>OFFICE OF THE U.S. ATTORNEY
>251 North Main Street, Suite 726
>Winston-Salem, North Carolina  27101
>(336) 631-5268
>
>*Counsel for Appellee*

I further certify that on this 14th day of August, 2013, I caused the required

copies of the Brief of Appellant and Joint Appendix to be hand filed with the Clerk

of the Court and a copy of the Sealed Volume of the Joint Appendix to be served,

via UPS Ground Transportation, upon counsel for the Appellee, at the above

address.

>/s/ Kearns Davis
>*Counsel for Appellant*